IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY ) ) ) | |
| Plaintiff, ) | |
| v. ) ) | CIVIL ACTION NO. 1:23-cv-02047-LMM |
| RED ROOF INNS, INC., RED ROOF FRANCHISING, LLC, RRI WEST MANAGEMENT, LLC, FMW RRI NC, LLC, ) ) ) ) ) | |
| Defendants, ) ) | |
| JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., T.H., H.B., and K.M. ) ) ) ) | |
| Nominal Defendants. ) | |

**DEFENDANTS' SURREPLY IN SUPPORT OF THEIR
RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Defendants, Red Roof Inns, Inc.; Red Roof Franchising, LLC; RRI West Management, LLC; and FMW RRI NC, LLC (collectively, "Defendants"), by their attorneys, respond to Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), showing the court as follows.

1

Contrary to the arguments made in Liberty Mutual's Reply Brief, Ohio law does not apply to this dispute and Georgia's presumption of identity rule controls. In its Reply Brief, Liberty addresses the presumption of identity rule for the first time, arguing that it does not apply here because Ohio was not one of the original 13 colonies and does not follow the common law. Neither contention is correct.

*First*, the presumption of identity rule has never been limited to the original 13 colonies. When the Supreme Court of Georgia reaffirmed the rule in 2017 in *Coon v. Medical Center, Inc.,* it found it applicable to a dispute involving Alabama law because Alabama was formed from the territory of an original colony. 300 Ga. 722, 731 (2017) ("Alabama was formed predominantly from the territory of Georgia."). Ohio was similarly formed from the territory of Virginia. *See Ohio v. Kentucky*, 410 U.S. 641, 642 (1973) ("The State of Ohio was established from the land ceded by legislative act of the Commonwealth of Virginia to the United States on the 1st day of March, 1784, which act is known as the Cession of Virginia.").[1] The reasoning of *Coon* thus applies equally here.

---

[1] *See also Pollard v. Hagan*, 44 U.S. 212, 221 (1845) ("All that part of Alabama which lies between the thirty-first and thirty-fifth degree of north latitude, was ceded by the state of Georgia to the United States, by deed bearing date the 24th day of April, 1802, which is substantially, in all its principles and stipulations, like the deed of cession executed by Virginia to the United States, on the 1st day of March, 1784, by which she ceded to the United States the territory north-west of the river Ohio.")

*Second*, there can be no question that Ohio is a common law state. Liberty's contention that English common law was "repealed in 1806," is misleading. What the Ohio legislature repealed in 1806 was a prior statute that had expressly adopted the English common law. *Thacker v. Bd. of Trustees of Ohio State Univ.,* 298 N.E.2d 542, 553 (Ohio 1973) (Brown, J., dissenting). This repeal, however, did not abrogate the English common law in Ohio. To the contrary, in describing the effect of the 1806 legislation, the Supreme Court of Ohio rejected the very notion that Liberty's Reply Brief suggests:

> It does not, however, follow from these acts of the legislature, that the common law of England is not of force in this state. To the same extent, that it would have been in force, if the act of 1795 had never been enacted, **the common law of England has doubtless continued to be recognized as the common law of this state**.

*Drake v. Rogers*, 13 Ohio St. 21, 29 (1861) (emphasis added).

Liberty's argument appears to suggest that the presumption of identity rule applies only to foreign states that have adopted the English common law by statute. But no such limitation has ever been articulated by the Supreme Court of Georgia. To the contrary, *Coon* made clear that it applies to those states "where the common law is in force" and, in particular, when "the other state was one of, or formed from the territory of one of, the original 13 colonies that inherited the common law of England." *Id*., at 731. Because Ohio was formed from the territory of Virginia, and both Ohio and Virginia inherited the common law of England, the presumption of

3

identity rule applies here. *See Drake*, 13 Ohio St. at 29; *Bradford v. Nature Conservancy*, 294 S.E.2d 866, 872 (Va. 1982) ("The common law of England, of course, became the common law of Virginia….").[2]

Thus, it is not surprising that when presented with this issue, this Court has uniformly invoked the presumption of identity rule to apply Georgia common law over that of Ohio. *See, e.g., Elder v. Reliance Worldwide Corp.*, 563 F. Supp. 3d 1221, 1231 (N.D. Ga. 2021) (invoking the rule to apply Georgia common law over those of various other states, including Ohio); *Bowen v. Porsche Cars, N.A., Inc.*, 561 F. Supp. 3d 1362, 1373 (N.D. Ga. 2021) (citing *Coon* to apply Georgia law over Ohio common law); *see also Hardboard Mach. Co. v. Coastal Prod. Corp.*, 289 F. Supp. 496, 502 (M.D. Ga. 1967), *aff'd,* 398 F.2d 833 (5th Cir. 1968) ("The parties are agreed that each of those three states [including Ohio] has adopted the common law and that these cases should be decided by the common law principles prevailing

---

[2] Nor does the rule require that the common law of the foreign state be identical to that of Georgia. If that were true, the rule would never apply, as no two states' common law are identical. *See generally Wheaton v. Peters*, 33 U.S. 591, 592 (1834). The relationship between Ohio's common law and the English common law is no different than that of Alabama. *Compare Cleveland, C. & C.R. Co. v. Keary*, 3 Ohio St. 201 (1854) ("The common law of England, when not inconsistent with the genius and spirit of our own institutions, and thus rendered inapplicable to our situation and circumstances, furnishes the rule of decision in the courts of this State.") *with Louisville & N.R. Co. v. Cook*, 53 So. 190, 192–93 (Ala. 1910) ("The common law of England was never adopted by the United States, nor by any one of them, as an entirety, but only those parts which were adapted and applicable to the needs and spirit and genius of the institutions of the respective sovereigns….").

in those states but as construed by the Georgia courts."). There is no reason to deviate from Georgia's well-established presumption of identity rule here.

Respectfully submitted, this 27th day of October, 2023.

                                                **FELLOWS LABRIOLA LLP**

                                                */s/ Shattuck Ely*
                                                Shattuck Ely
                                                Georgia Bar No. 246944
                                                tely@fellab.com
                                                Jonathan Spratling
                                                Georgia Bar No. 358001
                                                jspratling@fellab.com

Peachtree Center
Suite 2400 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

                                                *Attorneys for Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, RRI West Management, LLC, and FMW RRI, LLC*