UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; RRI WEST MANAGEMENT, LLC; FMW RRI NC, LLC,<br><br>*Defendants*,<br><br>JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., T.H., H.B., AND K.M.,<br><br>*Nominal Defendants*. | Civil Action No.: 1:23-cv-02047-LMM |

**BRIEF IN SUPPORT OF MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT
OF LIBERTY MUTUAL FIRE INSURANCE COMPANY**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .................................................................................................1

RELEVANT BACKGROUND ............................................................................3

LEGAL STANDARD............................................................................................5

ARGUMENT .........................................................................................................7

I.  The Red Roof Entities Will Not Suffer Undue Prejudice By Virtue of
    the Allowance of the Amendment...................................................................7

II. The Proposed Amendment Is Not Based on Undue Delay or Bad Faith ........8

III. The Proposed Amendment Is Not Futile ........................................................8

CONCLUSION ....................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bazemore v. U.S. Bank, N.A.*,
    167 F. Supp. 3d 1346 (N.D. Ga. 2016) ................................................................. 6

*Fla. Power & Light Co. v. Allis Chalmers Corp.*,
    85 F.3d 1514 (11th Cir. 1996) .............................................................................. 6

*Foman v. Davis*,
    371 U.S. 178 (1962) .............................................................................................. 5

*Grayson v. K Mart Corp.*,
    79 F.3d 1086 (11th Cir. 1996) .............................................................................. 6

*Illinois Union Ins. Co. v. NRI Constr. Inc.*,
    846 F. Supp. 2d 1366 (N.D. Ga. 2012) ............................................................ 9-10

*Jones v. Mercure*,
    2015 U.S. Dist. LEXIS 23371 (N.D. Ga. Feb. 25, 2015) .................................... 6

*Rose v. Comm'r*,
    311 F. App'x 196 (11th Cir. 2008) .................................................................. 5-6

*Rudolph v. Arthur Andersen & Co.*,
    800 F.2d 1040 (11th Cir. 1986) ........................................................................... 6

*United Nat'l Ins. Co. v. SST Fitness Corp.*,
    309 F.3d 914 (6th Cir. 2002) ............................................................................... 9

**State Cases**

*Chiquita Brands Int'l, Inc. v. Nat'l Union Fire Ins. Co.*,
    2015-Ohio-5477 ................................................................................................... 9

**Rules**

Fed. R. Civ. P. 15(a) ........................................................................................... 5-6

Fed. R. Civ. P. 12(c) ........................................................................................... 4, 9

## INTRODUCTION

On May 5, 2023, Plaintiff Liberty Mutual Fire Insurance Company ("LMFIC") commenced this action to obtain judicial declarations of its rights and obligations under certain commercial general liability insurance policies (the "LMFIC Policies") that it issued to Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, RRI West Management, and FMW RRI NC, LLC (collectively, the "Red Roof Entities") with respect to seven underlying lawsuits (collectively, the "Underlying Lawsuits"). The Underlying Lawsuits were filed by seventeen individuals (the "Underlying Plaintiffs"), who allege that they were trafficked for sex at hotels owned or operated by the Red Roof Entities during the LMFIC Policies' policy periods. The Underlying Plaintiffs further allege that the Red Roof Entities knowingly benefited and profited from their exploitation.

LMFIC agreed to defend the Red Roof Entities in the Underlying Lawsuits subject to a reservation of rights. Consistent with its reservation of rights, LMFIC later commenced this action to obtain judicial declarations concerning the application of the LMFIC Policies, including a declaration that the LMFIC Policies do not afford defense or indemnity coverage to the Red Roof Entities for the Underlying Lawsuits. In the time since commencing this action, there have been material developments in the Underlying Lawsuits that necessitate this motion for leave to amend.

Specifically, in December 2023, four of the Underlying Lawsuits settled, and in January 2024 they were dismissed.[1] LMFIC paid the settlement amounts to resolve those cases at the request of the Red Roof Entities and on the express condition that it could obtain recoupment for such amounts if this Court determines that the LMFIC Policies do not afford coverage to the Red Roof Entities for their liability arising from the Underlying Lawsuits. On January 17, 2024, one of the remaining Underlying Lawsuits[2] was dismissed against the Red Roof Entities.

LMFIC now moves the Court for leave to amend the Complaint to include new counts for breach of contract and unjust enrichment so that LMFIC may recoup the amounts it paid to settle the Jane Does #1-4 case.[3]

LMFIC's motion for leave to amend to add causes of action for recoupment relies on the same basic facts as the original Complaint. The Red Roof Entities will not suffer any prejudice from the proposed amendment because discovery has not yet commenced, and the Red Roof Entities were provided notice at the time of the

---

[1] *Jane Does #1-4 v. Red Roof Inns, Inc.*, et al., 1:21-cv-04278-WMR, Dkt. No. [391], Order Dismissing All Remaining Claims (N.D. Ga. Jan. 11, 2024) (the "Jane Does #1-4 Lawsuits").

[2] *KM v. CPA Hotels of Atlanta, LLC*, 1:23-cv-00190, Dkt. No. [69], Stipulation of Dismissal by K.M. (N.D. Ga. Jan. 17, 2024) (the "K.M. Lawsuit").

[3] LMFIC's Complaint currently states that LMFIC is permitted to recover reimbursement of defense costs. *See, e.g.*, Dkt. No. [1] ¶ 227 ("Because the LMFIC Policies do not afford coverage for the Underlying Lawsuits, LMFIC is entitled to the reimbursement of the amounts that it has paid in connection with the defense of the Underlying Lawsuits."). LMFIC now adds an express cause of action to the Amended Complaint seeking reimbursement of those amounts as well.

settlement payment that LMFIC would seek to amend the Complaint in this manner. On the other hand, LMFIC would suffer significant prejudice if it were precluded from asserting newly ripened claims that arise from the same set of facts already at issue in this proceeding. The motion for leave to amend is not futile, because the Amended Complaint adds cognizable claims.

Consequently, LMFIC's motion for leave to amend should be granted.

## RELEVANT BACKGROUND

LMFIC instituted this insurance coverage action on May 5, 2023. In its Complaint for Declaratory Judgment, LMFIC seeks a declaration that it is not obligated to defend or indemnify the Red Roof Entities with respect to the Underlying Lawsuits filed in the Northern District of Georgia by the Underlying Plaintiffs, who each allege that they were trafficked for sex at hotels owned and operated by the Red Roof Entities.

The Red Roof Entities tendered each of the Underlying Lawsuits to LMFIC for coverage under the LMFIC Policies. Thereafter, LMFIC agreed to defend the Red Roof Entities against the Underlying Lawsuits under a reservation of rights. In its coverage correspondence, LMFIC explained that the sex trafficking alleged in the Underlying Lawsuits is not alleged to be accidental; therefore, no "occurrence" exists to trigger coverage under the LMFIC Policies because insurance coverage exists for accidents, not allegations of intentional wrongdoing.

On September 26, 2023, LMFIC filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), explaining that judgment should be granted in its favor because (i) public policy bars insurance coverage for the intentional sex trafficking allegations in the Underlying Lawsuits; and (ii) the Underlying Lawsuits do not allege a fortuitous event and therefore do not constitute an "occurrence" giving rise to coverage. Dkt. No. [45]. The Rule 12(c) motion was fully briefed on October 24, 2023. Dkt. No. [50]. As contemplated by the parties' Joint Preliminary Report and Discovery Plan (the "Plan") (Dkt. No. [43]), entered by the Court (Dkt. No. [44]), no discovery has yet occurred because the parties agreed not to engage in any discovery while the Rule 12(c) motion is pending. All parties agreed that an "[e]xtended discovery period is needed" if that motion were denied because this case involves "[g]reater than normal volume of evidence." Dkt. No. [43] § 2.

Meanwhile, the Red Roof Entities and the Underlying Plaintiffs were negotiating the potential settlement of the Jane Does #1-4 Lawsuits. Rather than paying the settlement amount themselves and seeking coverage in the pending declaratory judgment action, the Red Roof Entities demanded that LMFIC pay the entire settlement amount. In December 2023, LMFIC ultimately contributed towards the settlement amount while expressly reserving its rights to seek recoupment of that payment pursuant to a determination that the Jane Does #1-4 Lawsuits do not give rise to coverage.

Shortly after the Jane Does #1-4 Lawsuits settled, on January 17, 2024, the K.M. Lawsuit was dismissed against the Red Roof Entities.

After the resolution of the Jane Does #1-4 Lawsuits and the K.M. Lawsuit, the Red Roof Entities filed a motion for summary judgment, arguing in part that this action is moot with respect to the settled and dismissed claims because there is no declaratory relief that the Court can provide prospectively with respect to those now-resolved actions. While LMFIC disagrees with the Red Roof Entities' argument and is opposing the motion for summary judgment, LMFIC moves now for leave to amend its Complaint to add counts to obtain reimbursement for the amounts it paid to settle the Jane Does #1-4 Lawsuits, and to add an express cause of action for the amounts it has paid in defense costs to date.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), leave to amend should be given "freely" when "justice so requires." Fed. R. Civ. P. 15(a) creates a "mandate . . . to be heeded" in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has identified several factors to be considered when applying Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to

5

> test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Rose v. Comm'r*, 311 F. App'x 196, 200-01 (11th Cir. 2008) (quoting *Foman*, 371 U.S. at 182). With respect to prejudice, "[m]ere inconvenience to a party does not constitute undue prejudice"; rather, prejudice "is typically found if the amendment (1) results in significant expense in conducting additional discovery or preparing for trial, (2) deprives the non-moving party of the ability to assert a claim or a defense, or (3) significantly delays the resolution of the dispute." *Jones v. Mercure*, 2015 U.S. Dist. LEXIS 23371, at *8 (N.D. Ga. Feb. 25, 2015) (citations omitted). "[T]he Court is constrained to allow a plaintiff leave to amend unless there is substantial countervailing reason." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citations omitted).

In the context of a motion to amend, "[f]utility means that the amended complaint would fail to state a claim upon which relief could be granted," and therefore "the same standard of legal sufficiency as applied under a motion to dismiss . . . is used to determine futility." *Bazemore v. U.S. Bank, N.A.*, 167 F. Supp. 3d 1346, 1355 (N.D. Ga. 2016) (citing *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir. 1986) and *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996)).

6

# ARGUMENT

## I. The Red Roof Entities Will Not Suffer Undue Prejudice By Virtue of the Allowance of the Amendment

There are at least four reasons why the Red Roof Entities will not suffer prejudice, let alone substantial or undue prejudice, if LMFIC is permitted to file the Amended Complaint.

First, no discovery has occurred, so the amendment would not require the parties to retake discovery, modify trial preparations, or otherwise incur any "significant expense" that would be duplicative of any expense already occurred.

Second, the Red Roof Entities will have an opportunity to Answer and to file any motions they deem appropriate in response to the Amended Complaint, thereby preserving their claims and defenses.

Third, the revisions made in the Amended Complaint do not alter the core substance of the allegations against and relief sought from the Red Roof Entities. The revisions merely clarify and expound upon allegations and legal theories already contained in the original Complaint, other than legal theories of recoupment that are now based on factual development that had not yet occurred. *See* Dkt. No. [1] ¶¶ 137, 149, 161, 173, 214 (alleging that "LMFIC is entitled to the reimbursement of the amounts that it paid in connection with the defense of" each of the Jane Does #1–4 Lawsuits and the K.M. Lawsuit).

Fourth, amendment will not "significantly delay" resolution of this dispute because the amended allegations implicate the same substantive insurance coverage issues as were described in the Complaint.

## II.    The Proposed Amendment Is Not Based on Undue Delay or Bad Faith

LMFIC's request to file the Amended Complaint is not based on bad faith or dilatory motives.  Rather, the primary additions and revisions in the Amended Complaint are necessitated by factual developments that did not exist when the original Complaint was filed – namely, settlement of the Jane Does #1–4 Lawsuits and termination of the K.M. Lawsuit.  LMFIC merely seeks to account for these new factual developments by revising its requested relief as to the Jane Does #1–4 Lawsuits and the K.M. Lawsuit.

Moreover, this Motion is timely because it is made soon after the events necessitating the amendment, *i.e.*, shortly after the Jane Does #1–4 Lawsuits settled and the K.M. Lawsuit was terminated.  Of course, it would have been impossible for LMFIC to make these allegations prior to the settlements and termination that precipitate the need for amendment.

## III.   The Proposed Amendment Is Not Futile

The proposed First Amended Complaint asserts viable claims for reimbursement of defense and settlement costs based on the recent developments in the Jane Does #1–4 Lawsuits and the K.M. Lawsuit, and because LMFIC defended

8

the Underlying Lawsuits and paid to settle the Jane Does #1-4 Lawsuits under a reservation of its rights.

As LMFIC explains in its Rule 12(c) motion and its opposition to Defendants' motion for summary judgment, Ohio law governs this dispute. Under Ohio law, an insurer can pursue recoupment of defense costs and settlement proceeds when made pursuant to a reservation of rights. *See, e.g.*, *Chiquita Brands Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 2015-Ohio-5477, at \*P8 (Ohio Ct. App. 2015) (holding that an insurer was entitled to seek reimbursement under a theory of restitution, despite the insurance policy's silence on reimbursement of defense costs); *United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 921 (6th Cir. 2002) (Ohio law) (holding that an insurer had a right to reimbursement of defense costs for non-covered claims, provided under a reservation of rights, because the insured entered into an implied-in-fact contract when it accepted the insurer's provision of a defense). Moreover, at least one court in this District has found that the Georgia Supreme Court would reach this same result. *See Illinois Union Ins. Co. v. NRI Constr. Inc.*, 846 F. Supp. 2d 1366, 1377 (N.D. Ga. 2012) ("NRI of Georgia accepted its insurer's defense without objection and enjoyed free legal defense of claims Illinois Union had no duty to defend. The court finds the majority view more persuasive and supported by Georgia case law. A right of reimbursement is justified under either an unjust enrichment or

9

implied in fact contract theory. . . . Illinois Union is entitled to recoupment of its legal costs expended defending NRI of Georgia in the Underlying Action.").[4]

As previously explained, and as alleged in the proposed Amended Complaint, LMFIC paid defense expenses and the settlement payment under a reservation of rights. Accordingly, LMFIC's claims for relief in the proposed Amended Complaint are not futile.

## CONCLUSION

LMFIC respectfully requests that its Motion for leave be granted and that it be permitted to file the proposed First Amended Complaint.

---

[4] Other courts in this District have followed what they acknowledge to be the "minority" view, and the law in Georgia remains unsettled because the Georgia Supreme Court has not yet ruled on this issue. While this Court need not resolve this issue because Ohio law governs the Policies, LMFIC respectfully submits that the Georgia Supreme Court is more likely to follow the "majority" view. Among other reasons, an insurer's only avenue to address indemnity otherwise would require the insurer to refuse to financially contribute toward any resolution of an underlying lawsuit. As a matter of public policy, this result would not lead to the efficient resolution of disputes.

Respectfully submitted, this 20th day of March, 2024

|  |  |
|---|---|
| *Of Counsel:*<br><br>Nancy D. Adams *(pro hac vice)*<br>NDAdams@mintz.com<br>Alec J. Zadek *(pro hac vice)*<br>AZadek@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 542-6000<br><br>Ellen M. Farrell *(pro hac to be submitted)*<br>EMFarrell@mintz.com<br>MINTZ LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>555 12th Street NW, Suite 1100<br>Washington, D.C. 20004<br>Tel: 202-434-7300<br><br>Alexandra Gallo-Cook *(pro hac vice)*<br>lgallocook@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>919 Third Avenue<br>New York, NY 10022<br>Tel: (212) 935-3000 | /s/ *Andrew Rosenzweig*<br>Andrew Rosenzweig<br>Georgia Bar No. 372812<br>Andrew.Rosenzweig@nelsonmullins.com<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street NW<br>Suite 1700<br>Atlanta, GA 30363<br>Tel: (404) 332-6476<br><br>*Counsel for Plaintiff Liberty Mutual Fire Insurance Company* |

11

## CERTIFICATE OF FONT AND POINT SELECTION

Undersigned counsel hereby certifies, under LR 7.1(D), N.D. Ga., that the foregoing was prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved in LR 5.1, N.D. Ga.

*/s/ Andrew Rosenzweig*
Andrew Rosenzweig

## CERTIFICATE OF SERVICE

I certify that this day, I electronically filed the foregoing using the Court's CM/ECF system, which will send email notification to all counsel of record.

Respectfully submitted, this 20th day of March, 2024.

*Andrew Rosenszweig*
Andrew Rosenzweig
