IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,  :  :  Plaintiff,  :  :  v.  :  :  RED ROOF INNS, INC. et al.,  :  :  Defendants.  : | CIVIL ACTION NO. 1:23-cv-02047-LMM |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint [69]. After due consideration, the Court enters the following Order.

**I.   BACKGROUND**

This case concerns Plaintiff's obligations as the Red Roof Defendants'[1] insurer. The nominal Defendants, seventeen individuals, sued the Red Roof Defendants in seven underlying lawsuits, alleging that the Red Roof Defendants profited from sex trafficking at Red Roof hotels and knew or should have known about the trafficking. Dkt. No. [1] ¶¶ 1–3, 222–23. In this case, Plaintiff seeks a

---

[1] Defendants Red Roof Inns, Inc.; Red Roof Franchising, LLC; RRI West Management, LLC; and FMW RRI NC, LLC are related entities that have filed a single brief in opposition to Plaintiff's Motion to Amend. For simplicity, the Court refers to these parties together as "the Red Roof Defendants" or simply "Defendants" in this Order.

declaratory judgment stating that its policies do not cover the underlying plaintiffs' claims and that it has no duty to defend or indemnify the Red Roof Defendants in the underlying lawsuits. Id. at 50–52.

After this case was filed, four of the underlying lawsuits settled, and another was dismissed. Dkt. No. [69-1] at 6. Because of those developments, Plaintiff moves to amend its Complaint to add claims for reimbursement of its defense costs and settlement payments in the underlying lawsuits. Id.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, granting leave to amend is not automatic. Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). District courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (citations omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (listing undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies, undue prejudice to opposing party, and futility as factors to consider under Rule 15(a)).

### III. DISCUSSION

Plaintiff moves to amend its Complaint to add claims for reimbursement of its defense costs and settlement payments in the underlying lawsuits. Dkt. No. [69]. Defendants oppose Plaintiff's Motion, arguing that amendment would be futile because Plaintiff cannot recover either set of reimbursements under Georgia law. Dkt. No. [71]. For the reasons discussed below, the Court finds that amendment is appropriate.

**A. Choice of Law**

To address the parties' futility arguments, the Court must first determine what law applies to this case. The parties agree that Georgia's choice of law rules apply, but they disagree on the result. Plaintiff asserts that Ohio law governs, while Defendants contend that Georgia law controls. The Court agrees with Defendants.

"Under Georgia's choice of law principles, the application of another jurisdiction's laws is limited to its statutes and decisions construing those statutes. When no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." Elder v. Reliance Worldwide Corp., 563 F. Supp. 3d 1221, 1230–31 (N.D. Ga. 2021) (citing Frank Briscoe Co. v. Ga. Sprinkler Co., 713 F.2d 1500, 1503 (11th Cir. 1983)); Mt. Hawley Ins. Co. v. E. Perimeter Point Apartments, 861 F. App'x 270, 275–77 (11th Cir. 2021). This principle is sometimes called the "presumption of identity" rule and applies when the foreign state in question uses the English common law. Mt. Hawley, 861 F.

App'x at 276; <u>Coon v. Med. Ctr., Inc.</u>, 797 S.E.2d 828, 834 (Ga. 2017) ("In the absence of a statute, however, at least with respect to a state where the common law is in force, a Georgia court will apply the common law as expounded by the courts of Georgia."). Generally, the presumption of identity rule expresses Georgia's "preference for its own common law over that of a foreign state's." <u>Mt. Hawley</u>, 861 F. App'x at 276.

      First, Plaintiff argues that the Court need not address the presumption of identity rule because Ohio statutory law applies. Dkt. No. [72] at 8, 11–12. The only statute that Plaintiff points to provides that insurance policies do not cover punitive damages in Ohio. <u>See</u> Ohio Rev. Code Ann. § 3937.182(B). Plaintiff contends that because the plaintiffs in the underlying lawsuits seek punitive damages from the Red Roof Defendants, "the insurability of punitive damages is a substantive issue in this action." Dkt. No. [72] at 12. The Court disagrees.

      This case centers around Plaintiff's duty to defend and indemnify the Red Roof Defendants in the underlying lawsuits. Plaintiff does not provide any Ohio statutory law relevant to interpreting its policies and analyzing potential coverage. Nor does Plaintiff provide any statutes relevant to its proposed allegations about reimbursements for its defense costs and settlement payments. State common law governs all of these issues. It remains to be seen whether

punitive damages will come into play in this case, so this statute is not a basis for the Court to use Ohio common law in its interpretation of Plaintiff's policies.[2]

Alternatively, Plaintiff argues that the presumption of identity rule does not apply because Ohio does not use the English common law. According to Plaintiff, Ohio "repealed" the English common law in 1806. Id. at 8. But the Ohio legislature simply repealed a statutory provision that had explicitly adopted the common law; it did not repudiate the English common law as a whole. See Drake v. Rogers, 13 Ohio St. 21, 28–29 (Ohio 1861) ("It does not, however, follow from these acts of the legislature, that the common law of England is not of force in this state. To the same extent, that it would have been in force, if the act of 1795 had never been enacted, the common law of England has doubtless continued to be recognized as the common law of this state.").

In fact, the case that Plaintiff cites for its repeal argument demonstrates this nuance. In George D. Harter Bank v. McKinley Lumber Co., 26 N.E.2d 587, 589 (Ohio 1940), the Ohio Supreme Court acknowledged that the Ohio legislature repealed the statute "declaring the common law of England to be a rule of decision" in 1806, and the court declined to decide whether a principle applied "with all its common-law force." In doing so, the Ohio Supreme Court adhered to

---

[2] Additionally, the Court notes that the insurability of punitive damages would not affect Plaintiff's claims regarding the five underlying lawsuits that have already been resolved. If the issue of insurability of punitive damages is properly before the Court at a later stage of litigation, Plaintiff may renew this argument. Regardless, this statute does not change the fact that common law governs the existing contract interpretation issues in the parties' dispute.

a longstanding principle of Ohio decisional law: English common law remains in force in Ohio, subject to a judge's discretion to deviate from it when necessary. See Thacker v. Bd. of Trs. of Ohio State Univ., 298 N.E.2d 542, 553 (Ohio 1973) (Brown, J., dissenting) ("The English common law, so far as it is . . . consistent with the letter and spirit of our federal and state constitutions and statutes, has been and is followed by our courts, and may be said to constitute a part of the common law of Ohio. But wherever it has been found wanting[,] . . . our courts have not hesitated to modify it to suit our circumstances, or, if necessary, to wholly depart from it." (quoting Bloom v. Richards, 2 Ohio St. 387, 390 (Ohio 1853))); Allison v. McCune, 15 Ohio 726, 730 (Ohio 1846) ("The common law of England, imported by our ancestors, as is said, is *in force in Ohio*, but it rests, nevertheless, in the sound discretion of the court to say how far it is applicable to our condition."); see also Sheffler v. Americold Realty Tr., No. 1:21-cv-1075-TCB, 2024 WL 470250, at *3 (N.D. Ga. Jan. 16, 2024) ("Although none of the foreign states at issue here (Ohio, Illinois, and Iowa) was one of the original thirteen colonies, or was derived from one of these colonies, each of these three states has adopted the English common law."); cf. Bowen v. Porsche Cars, N.A., Inc., 561 F. Supp. 3d 1362, 1372–73 (N.D. Ga. 2021) (declining to apply Ohio common law over Georgia statutory law). Plaintiff has not argued that any unique Ohio common law would control the issues disputed in this case. Thus, Ohio is an English common law state for purposes of Georgia's choice of law analysis.

Next, Plaintiff points to another pending case, in which the Red Roof Defendants advocated for applying Ohio law to Plaintiff's policies, and asks the Court to consider that position here. Dkt. No. [72] at 10. This argument is unavailing. In that case, the Eastern District of Pennsylvania must apply Pennsylvania's choice of law rules—just as this Court must apply Georgia's. See Frank Briscoe Co., 713 F.2d at 1503. Georgia's choice of law rules are distinct, so the same analysis does not apply here. See Monopoli v. Mercedes Benz USA, LLC, No. 1:21-cv-01353-SDG, 2022 WL 409484, at *4 (N.D. Ga. Feb. 10, 2022). Defendants' position in another case applying different law has no bearing here.

In a final effort to avoid Georgia law, Plaintiff makes a policy argument in favor of Ohio law, asserting that applying different states' laws to a nationwide insurance policy will have untenable and inconsistent results. Dkt. No. [72] at 10–11. The Court is bound to apply Georgia's choice of law rules—not an outcome-based choice of law test.

In short, Georgia law governs this dispute. Under Georgia choice of law rules, a foreign state's statutory law controls, but Georgia applies its own common law over that of a foreign state using English common law. Because this case involves state common law rules for contract interpretation, and Ohio is an English common law state, the Court must apply Georgia common law here.

### B. Futility of Amendment

Having decided that Georgia law governs this dispute, the Court now turns to whether it would be futile for Plaintiff to amend its Complaint. Defendants

7

argue that amendment would be futile because Georgia law prevents recoupment of defense costs and settlement payments when there is no explicit provision providing for such reimbursements in the applicable insurance policy. Dkt. No. [71] at 5–12. The Court finds that amendment would not be futile.

Plaintiff's Proposed First Amended Complaint raises two new issues: (1) whether Plaintiff can recover its defense costs from the underlying lawsuits without a reimbursement provision in its policy, and (2) whether Plaintiff can recover settlement payments it makes in the underlying lawsuits without a policy provision providing for such reimbursement. The Georgia Supreme Court has never addressed either issue, leaving open questions in Georgia law.

Defendants lean on a recent Eleventh Circuit decision in which the court addressed reimbursements for defense costs, but Defendants do not point to any binding case law regarding reimbursements for settlement payments. In Continental Casualty Co. v. Winder Laboratories, LLC, 73 F.4th 934, 947 (11th Cir. 2023), the Eleventh Circuit faced the question of "whether, under Georgia law, an insurer can recoup defense costs when such a right is provided for in a reservation of rights letter but not the parties' operative insurance contract." Because Georgia courts have not addressed this issue, the Eleventh Circuit was left to predict Georgia law. Id. at 947–48. The court acknowledged that some states favor recoupment for defense costs in these circumstances, but it decided that Georgia courts would not reach that conclusion. Id. at 947–50. Therefore, the insurer in that case could not recover its costs. Based on a non-binding

8

district court decision, Defendants argue that the same reasoning would extend to reimbursements for settlement payments as well. Dkt. No. [71] at 8–10. But Defendants cannot point to any binding Georgia case law on these issues because Georgia courts have not addressed them. While Winder may prove persuasive in evaluating Plaintiff's Complaint on the merits, it does not require denying Plaintiff's Motion to Amend on futility grounds, especially because it does not address reimbursement for settlement payments.[3]

      Given the lack of Georgia case law on these issues and Rule 15's policy in favor of amendment, the Court cannot say that amendment would be futile at this stage. These reimbursement analyses are better suited to a determination with full briefing on the merits of Plaintiff's amended claims. See, e.g., Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) ("This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of

---

[3] Defendants also contend that Georgia's voluntary payment doctrine would preclude Plaintiff from recovering its settlement payments, id. at 11–12, but again, Defendants do not reference any binding, on-point case law to support this assertion.

pleading."). Additionally, permitting Plaintiff to amend its Complaint for the first time, before discovery has begun, will promote efficient resolution in this case without prejudicing Defendants or causing undue delay. Thus, the Court grants Plaintiff's Motion to Amend.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiff's Motion to Amend [69] is **GRANTED**. Plaintiff's Motion for Judgment on the Pleadings [45], Defendants' Motion for Leave to File a Surreply [52], and Defendants' Motions for Summary Judgment [53, 54, 55] are **DENIED without prejudice as moot**. The Clerk is **DIRECTED** to enter Plaintiff's Proposed Amended Complaint [69-2] as the First Amended Complaint on the Docket.

**IT IS SO ORDERED** this 22nd day of August, 2024.

_____
**Leigh Martin May**
**United States District Judge**