## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSUR-ANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:23-cv-02047-LMM |
| RED ROOF INNS, INC., RED ROOF FRANCHISING, LLC, RRI WEST MANAGEMENT, LLC, FMW RRI NC, LLC, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., T.H., H.B., and K.M. | ) ) ) ) ) | |
| Nominal Defendants. | ) | |

### DEFENDANTS RED ROOF INNS, INC., RED ROOF FRANCHISING, LLC, RRI WEST MANAGEMENT, LLC, AND FMW RRI NC, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Red Roof

Inns, Inc., Red Roof Franchising, LLC, RRI West Management, LLC, and FMW

RRI, LLC (collectively, "Red Roof") file this Motion to Dismiss Plaintiff's Second

Amended Complaint.

In its Second Amended Complaint, Liberty asserts seventeen causes of action,

which can be broken down into two groups: (1) requests for declaratory relief

1

(Counts I – IX); and (2) requests for reimbursement or restitution (Counts X – XVII). All of Liberty's claims are properly subject to dismissal.

Liberty's first group of claims includes requests for declaratory relief on six Underlying Lawsuits that have already been settled or dismissed (Counts I – V, and VII), as well as general requests for declaratory relief for all seven of the Underlying Lawsuits (Counts VIII and IX). Because there is no longer a need or basis for declaratory relief for the six underlying lawsuits that have been resolved, Liberty's claims are moot and should be dismissed with prejudice.

The only declaratory judgment count that relates to the one currently pending Underlying Lawsuit—the *H.B.* Suit—is Count VI. But any declaration on the duty to indemnify in the *H.B.* Suit is premature and such claims should be dismissed without prejudice. And with respect to the duty to defend, the allegations of the *H.B.* Suit do not unambiguously exclude coverage. Liberty's claims for declaratory relief on the duty to defend the *H.B.* Suit should thus be dismissed with prejudice.

As for the second group of claims seeking reimbursement or restitution, Liberty asserts claims for breach of contract (Counts X – XIII) as well as unjust enrichment (Counts XIV – XVII). These are not cognizable claims under Georgia law and should be dismissed with prejudice. The Eleventh Circuit has held that Georgia law does not allow a claim for reimbursement of defense costs where, as here, the policy does not expressly provide such a right. The same logic applies to claims for

reimbursement of settlement payments and Georgia's voluntary payment doctrine also bars Liberty's claims.

For these reasons and those identified in Defendants' Brief in Support of their Motion to Dismiss, Defendants request that the Court dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Respectfully submitted, this 4th day of October, 2024.

FELLOWS LABRIOLA LLP

/s/ Shattuck Ely
Shattuck Ely
Georgia Bar No. 246944
tely@fellab.com
Jonathan Spratling
Georgia Bar No. 358001
jspratling@fellab.com

Peachtree Center
Suite 2400 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

*Attorneys for Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, RRI West Management, LLC, and FMW RRI, LLC*

## **CERTIFICATE OF FONT AND POINT SELECTION**

Undersigned counsel hereby certifies, under LR 7.1(D), NDGa, that the fore-

going was prepared in Times New Roman, 14-point font, which is one of the fonts

and point selections approved in LR 5.1, NDGa.

*/s/ Shattuck Ely*
Shattuck Ely

## **CERTIFICATE OF SERVICE**

I certify that this day, I electronically filed the foregoing using the Court's

CM/ECF system, which will send email notification to all counsel of record.


Respectfully submitted, this 4th day of October, 2024.


/s/ *Shattuck Ely*
Shattuck Ely