4months,APPEAL,CLOSED,LMMLC4

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:23–cv–02047–LMM</u>

Liberty Mutual Fire Insurance Company v. Red Roof Inns, Inc. et al

Assigned to: Judge Leigh Martin May

Cause: 28:2201 Declaratory Judgment (Insurance)

Date Filed: 05/05/2023
Date Terminated: 08/15/2025
Jury Demand: Defendant
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**Liberty Mutual Fire Insurance Company**

represented by **Alec J. Zadek**
Mintz Levin Cohn Ferris Glovsky &
Popeo, P.C. –MA
One Financial Center
Boston, MA 02111
617–542–6000
Email: azadek@mintz.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alexandra Gallo–Cook**
Mintz Levin Cohn Ferris Glovsky &
Popeo PC –NY
919 Third Avenue
Ste 38th Floor
New York, NY 10022
212–935–3000
Email: LGalloCook@mintz.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen M. Farrell**
Mintz Levin Cohn Ferris Glovsky &
Popeo–DC
555 12th Street Northwest
Suite 1100
Washington, DC 20004
202–434–7300
Fax: 202–434–7400
Email: emfarrell@mintz.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Erika C. Birg**
Nelson Mullins Riley & Scarborough,

LLP–ATL
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
404–322–6110
Fax: 404–322–6050
Email: erika.birg@nelsonmullins.com
*TERMINATED: 02/13/2025*
*LEAD ATTORNEY*

**Nancy D. Adams**
Mintz Levin Cohn Ferris Glovsky &
Popeo, P.C. –MA
One Financial Center
Boston, MA 02111
617–542–6000
Fax: 617–542–2241
Email: ndadams@mintz.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Rosenzweig**
Bendin Sumrall & Ladner, LLC
One Midtown Plaza
1360 Peachtree Street
Suite 800
Atlanta, GA 30309
470–964–3498
Email: arosenzweig@bsllaw.net
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**Red Roof Inns, Inc.**                    represented by    **Shattuck Ely**
Fellows LaBriola LLP
233 Peachtree Street NE
Suite 2400
Atlanta, GA 30303
404–586–2022
Email: tely@fellab.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Red Roof Franchising, LLC**          represented by    **Shattuck Ely**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**RRI West Management, LLC**                represented by    **Shattuck Ely**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**FMW RRI NC, LLC**                        represented by    **Shattuck Ely**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe #1**                            represented by    **Tiana Scogin Mykkeltvedt**
                                                             Bondurant Mixson & Elmore, LLP
                                                             1201 West Peachtree Street, N.W.
                                                             Ste 3900
                                                             Atlanta, GA 30309–3417
                                                             404–881–4100
                                                             Email: mykkeltvedt@bmelaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Amanda Kay Seals**
                                                             Bondurant Mixson & Elmore, LLP
                                                             1201 West Peachtree Street, N.W.
                                                             Ste 3900
                                                             Atlanta, GA 30309–3417
                                                             404–881–4147
                                                             Email: seals@bmelaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Donald L. Swift , III**
                                                             Andersen, Tate & Carr, P.C.
                                                             One Sugarloaf Centre
                                                             1960 Satellite Boulevard
                                                             Suite 4000
                                                             Duluth, GA 30097
                                                             770–822–0900
                                                             Email: dswift@atclawfirm.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John Earl Floyd**
                                                             Bondurant Mixson & Elmore, LLP
                                                             1201 West Peachtree Street, N.W.
                                                             Ste 3900
                                                             Atlanta, GA 30309–3417
                                                             404–881–4100
                                                             Email: floyd@bmelaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Juliana Mesa**
                                                             Bondurant Mixson & Elmore LLP
                                                             1201 West Peachtree St NW

Ste 3900
Atlanta, GA 30309
404–881–4100
Fax: 404–881–4111
Email: mesa@bmelaw.com
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
Bondurant Mixson & Elmore, LLP
1201 West Peachtree Street, N.W.
Ste 3900
Atlanta, GA 30309–3417
404–881–4100
Fax: .
Email: varghese@bmelaw.com
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
Bondurant Mixson & Elmore, LLP
1201 West Peachtree Street, N.W.
Ste 3900
Atlanta, GA 30309–3417
404–881–4195
Fax: 404–788–5617
Email: baumrind@bmelaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe #2**                              represented by   **Tiana Scogin Mykkeltvedt**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Amanda Kay Seals**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Donald L. Swift , III**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John Earl Floyd**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Juliana Mesa**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Manoj Sam Varghese**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

Michael Rosen Baumrind
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe #3**                                  represented by  **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe #4**                                  represented by  **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**W.K.**                                   represented by   **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**E.H.**                                   represented by   **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**M.M.**                                          represented by  **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**R.P.**                                        represented by  **Tiana Scogin Mykkeltvedt**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Amanda Kay Seals**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Donald L. Swift , III**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John Earl Floyd**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Juliana Mesa**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Manoj Sam Varghese**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Michael Rosen Baumrind**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**M.B.**                                        represented by  **Tiana Scogin Mykkeltvedt**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Amanda Kay Seals**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Donald L. Swift , III**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John Earl Floyd**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Juliana Mesa**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**D.P.**                          represented by   **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**A.F.**                          represented by   **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)

*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**C.A.**                           represented by   **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**R.K.**                           represented by   **Tiana Scogin Mykkeltvedt**
(See above for address)

10

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**K.P.**                              represented by **Tiana Scogin Mykkeltvedt**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**T.H.**                                          represented by    **Tiana Scogin Mykkeltvedt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Kay Seals**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Juliana Mesa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manoj Sam Varghese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Rosen Baumrind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**H.B.**                                          represented by    **Donald L. Swift , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Tonge**
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd.
Suite 4000
Duluth, GA 30097
770–822–0900
Email: jtonge@atclawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

K.M.                          represented by  **Matthew B. Stoddard**
                                              The Stoddard Firm
                                              1534 N Decatur Road NE
                                              Atlanta, GA 30307
                                              470–467–2200
                                              Fax: 470–467–1300
                                              Email: matt@legalhelpga.com
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2023 | 1 | COMPLAINT filed by Liberty Mutual Fire Insurance Company (Filing fee $402, receipt number AGANDC–12581231) (Attachments: # 1 Exhibit 1 – Second Amended Complaint – Jane Doe 1, # 2 Exhibit 2 – Second Amended Complaint – Jane Doe 2, # 3 Exhibit 3 – Second Amended Complaint – Jane Doe 3, # 4 Exhibit 4 – Second Amended Complaint – Jane Doe 4, # 5 Exhibit 5 – Second Amended Complaint – W.K. et al, # 6 Exhibit 6 – Amended Complaint – H.B, # 7 Exhibit 7 – Amended Complaint – K.M, # 8 Exhibit 8 – Policies, # 9 Civil Cover Sheet)(tht) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 05/08/2023) |
| 05/08/2023 | 2 | Electronic Summons Issued as to A.F., C.A., D.P., E.H., FMW RRI NC, LLC, H.B., K.M., K.P., M.B., M.M., R.K., R.P., RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc., T.H., and W.K. (tht) (Entered: 05/08/2023) |
| 05/08/2023 | 3 | STANDING ORDER REGARDING CIVIL LITIGATION Signed by Judge Leigh Martin May on 5/8/2023. (bnp) (Entered: 05/08/2023) |
| 05/08/2023 | 4 | Certificate of Interested Persons and Corporate Disclosure Statement by Liberty Mutual Fire Insurance Company. (Birg, Erika) (Entered: 05/08/2023) |
| 05/15/2023 | 5 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Nancy D. Adams. Clerk to follow–up by 5/25/2023. (kkh) (Entered: 05/15/2023) |
| 05/15/2023 | 6 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Nancy D. Adams. Clerk to follow–up by 5/25/2023. (kkh) (Entered: 05/15/2023) |
| 05/15/2023 | 7 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Alexandra Gallo–Cook. Clerk to follow–up by 5/25/2023. (kkh) (Entered: 05/15/2023) |
| 05/15/2023 | 8 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Alec J. Zadek. Clerk to follow–up by 5/25/2023. (kkh) (Entered: 05/15/2023) |
| 05/17/2023 | 9 | APPLICATION for Admission of Alec Zadek Pro Hac Vice (Application fee $ 150, receipt number AGANDC–12604783).by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order Pro Hac Vice – Alec Zadek)(Birg, Erika) Documents for this entry are not available for viewing outside the courthouse. (Entered: 05/17/2023) |
| 05/17/2023 | 10 | APPLICATION for Admission of Alexandra Gallo–Cook Pro Hac Vice (Application fee $ 150, receipt number AGANDC–12604823).by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order Pro Hac Vice – Alexandra Gallo–Cook)(Birg, Erika) Documents for this entry are not available for viewing outside the courthouse. (Entered: 05/17/2023) |

| 05/17/2023 | 11 | APPLICATION for Admission of Ellen M. Farrell Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12604844).by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order Pro Hac Vice − Ellen M. Farrell)(Birg, Erika) Documents for this entry are not available for viewing outside the courthouse. (Entered: 05/17/2023) |
|---|---|---|
| 05/17/2023 | 12 | APPLICATION for Admission of Nancy Adams Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12604864).by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order Pro Hac Vice − Nancy Adams)(Birg, Erika) Documents for this entry are not available for viewing outside the courthouse. (Entered: 05/17/2023) |
| 05/17/2023 | | APPROVAL by Clerks Office re: 9 APPLICATION for Admission of Alec Zadek Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12604783).. Attorney Alec J. Zadek added appearing on behalf of Liberty Mutual Fire Insurance Company (djs) (Entered: 05/17/2023) |
| 05/17/2023 | | ORAL ORDER granting 9 Application for Admission of Alec Zadek Pro Hac Vice. Ruled on by Judge Leigh Martin May on 5/17/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(bnp) (Entered: 05/17/2023) |
| 05/17/2023 | | APPROVAL by Clerks Office re: 11 APPLICATION for Admission of Ellen M. Farrell Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12604844). Attorney Ellen M. Farrell added appearing on behalf of Liberty Mutual Fire Insurance Company (djs) (Entered: 05/17/2023) |
| 05/17/2023 | | ORAL ORDER granting 11 Application for Admission of Ellen M. Farrell Pro Hac Vice. Ruled on by Judge Leigh Martin May on 5/17/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(bnp) (Entered: 05/17/2023) |
| 05/17/2023 | | APPROVAL by Clerks Office re: 12 APPLICATION for Admission of Nancy Adams Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12604864). Attorney Nancy D. Adams added appearing on behalf of Liberty Mutual Fire Insurance Company (djs) (Entered: 05/17/2023) |
| 05/17/2023 | | ORAL ORDER granting 12 Application for Admission of Nancy Adams Pro Hac Vice. Ruled on by Judge Leigh Martin May on 5/17/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(bnp) (Entered: 05/17/2023) |
| 05/18/2023 | | APPROVAL by Clerks Office re: 10 APPLICATION for Admission of Alexandra Gallo−Cook Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12604823). Attorney Alexandra Gallo−Cook added appearing on behalf of Liberty Mutual Fire Insurance Company (djs) (Entered: 05/18/2023) |
| 05/18/2023 | | ORAL ORDER granting 10 Application for Admission of Alexandra Gallo−Cook Pro Hac Vice. Ruled on by Judge Leigh Martin May on 5/18/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(bnp) (Entered: 05/18/2023) |

| 05/23/2023 | 13 | WAIVER OF SERVICE Returned Executed by Liberty Mutual Fire Insurance Company. FMW RRI NC, LLC waiver mailed on 5/22/2023, answer due 7/21/2023; RRI West Management, LLC waiver mailed on 5/22/2023, answer due 7/21/2023; Red Roof Franchising, LLC waiver mailed on 5/22/2023, answer due 7/21/2023; Red Roof Inns, Inc. waiver mailed on 5/22/2023, answer due 7/21/2023. (Attachments: # 1 Exhibit Waiver – Red Roof Franchising, LLC, # 2 Exhibit Waiver – Red Roof Inns, Inc, # 3 Exhibit Waiver – RRI West Management, LLC)(Birg, Erika) (Entered: 05/23/2023) |
|---|---|---|
| 06/06/2023 | 14 | WAIVER OF SERVICE Returned Executed by K.M.. K.M. waiver mailed on 5/17/2023, answer due 7/17/2023. (Stoddard, Matthew) (Entered: 06/06/2023) |
| 06/16/2023 | 15 | WAIVER OF SERVICE Returned Executed by Liberty Mutual Fire Insurance Company. A.F. waiver mailed on 5/17/2023, answer due 7/17/2023; C.A. waiver mailed on 5/17/2023, answer due 7/17/2023; D.P. waiver mailed on 5/17/2023, answer due 7/17/2023; E.H. waiver mailed on 5/17/2023, answer due 7/17/2023; H.B. waiver mailed on 5/17/2023, answer due 7/17/2023; Jane Doe #1 waiver mailed on 5/17/2023, answer due 7/17/2023; Jane Doe #2 waiver mailed on 5/17/2023, answer due 7/17/2023; Jane Doe #3 waiver mailed on 5/17/2023, answer due 7/17/2023; Jane Doe #4 waiver mailed on 5/17/2023, answer due 7/17/2023; K.P. waiver mailed on 5/17/2023, answer due 7/17/2023; M.B. waiver mailed on 5/17/2023, answer due 7/17/2023; M.M. waiver mailed on 5/17/2023, answer due 7/17/2023; R.K. waiver mailed on 5/17/2023, answer due 7/17/2023; R.P. waiver mailed on 5/17/2023, answer due 7/17/2023; T.H. waiver mailed on 5/17/2023, answer due 7/17/2023; W.K. waiver mailed on 5/17/2023, answer due 7/17/2023. (Attachments: # 1 Waiver of Service of Summons – C.A., # 2 Waiver of Service of Summons – D.P., # 3 Waiver of Service of Summons – E.H., # 4 Waiver of Service of Summons – H.B., # 5 Waiver of Service of Summons – Jane Doe 1, # 6 Waiver of Service of Summons – Jane Doe 2, # 7 Waiver of Service of Summons – Jane Doe 3, # 8 Waiver of Service of Summons – Jane Doe 4, # 9 Waiver of Service of Summons – K.P., # 10 Waiver of Service of Summons – M.B., # 11 Waiver of Service of Summons – M.M., # 12 Waiver of Service of Summons – R.K., # 13 Waiver of Service of Summons – R.P., # 14 Waiver of Service of Summons – T.H., # 15 Waiver of Service of Summons – W.K.)(Birg, Erika) (Entered: 06/16/2023) |
| 07/14/2023 | 16 | ANSWER to 1 COMPLAINT by H.B.. Discovery ends on 12/11/2023.(Tonge, Jonathan) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/14/2023) |
| 07/14/2023 | 17 | Certificate of Interested Persons and Corporate Disclosure Statement by H.B.. (Tonge, Jonathan) (Entered: 07/14/2023) |
| 07/17/2023 | 18 | ANSWER to 1 COMPLAINT by K.M..(Stoddard, Matthew) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 19 | Certificate of Interested Persons by K.M.. (Stoddard, Matthew) (Entered: 07/17/2023) |
| 07/17/2023 | 20 | ANSWER to 1 COMPLAINT with Jury Demand by A.F..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 21 | ANSWER to 1 COMPLAINT with Jury Demand by D.P..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |

| 07/17/2023 | 22 | ANSWER to 1 COMPLAINT with Jury Demand by E.H..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
|---|---|---|
| 07/17/2023 | 23 | ANSWER to 1 COMPLAINT with Jury Demand by Jane Doe #1.(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 24 | ANSWER to 1 COMPLAINT with Jury Demand by Jane Doe #2.(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 25 | ANSWER to 1 COMPLAINT with Jury Demand by Jane Doe #3.(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 26 | ANSWER to 1 COMPLAINT with Jury Demand by Jane Doe #4.(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 27 | ANSWER to 1 COMPLAINT with Jury Demand by K.P..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 28 | ANSWER to 1 COMPLAINT with Jury Demand by M.B..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 29 | ANSWER to 1 COMPLAINT with Jury Demand by M.M..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 30 | ANSWER to 1 COMPLAINT with Jury Demand by R.K..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 31 | ANSWER to 1 COMPLAINT with Jury Demand by R.P..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 32 | ANSWER to 1 COMPLAINT with Jury Demand by T.H..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 33 | ANSWER to 1 COMPLAINT with Jury Demand by W.K..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 34 | ANSWER to 1 COMPLAINT with Jury Demand by C.A..(Mykkeltvedt, Tiana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/17/2023) |
| 07/17/2023 | 35 | Certificate of Interested Persons and Corporate Disclosure Statement by A.F., C.A., D.P., E.H., Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4, K.P., M.B., M.M., R.K., R.P., T.H., W.K.. (Mesa, Juliana) (Entered: 07/17/2023) |
| 07/21/2023 | 36 | |

| | | |
|---|---|---|
| | | ANSWER to 1 COMPLAINT with Jury Demand by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc..(Ely, Shattuck) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/21/2023) |
| 07/21/2023 | 37 | Certificate of Interested Persons and Corporate Disclosure Statement by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 07/21/2023) |
| 07/28/2023 | 38 | ORDER that Defendants file under seal an amended certificate of interested persons identifying the nominal defendants by their real names. See LR 3.3(A), NDGa (providing that a certificate of interested persons may be filed under seal when warranted by the circumstances of the case). The amended certificate of interested persons SHALL be filed within 10 days of the entry of this Order. Signed by Judge Leigh Martin May on 7/28/2023. (tas) (Entered: 07/28/2023) |
| 08/03/2023 | 39 | PROVISIONALLY SEALED Notice of Filing Amended Certificate of Interested Persons and Corporate Disclosure Statement by A.F., C.A., D.P., E.H., Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4, K.P., M.B., M.M., R.K., R.P., T.H., W.K. (Attachments: # 1 DEFENDANT JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., AND T.H. AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT)(Mesa, Juliana) (Entered: 08/03/2023) |
| 08/04/2023 | 40 | NOTICE of Appearance by Donald L. Swift, III on behalf of H.B. (Swift, Donald) (Entered: 08/04/2023) |
| 08/07/2023 | 41 | PROVISIONALLY SEALED NOTICE Of Filing Amended Certificate of Interested Persons and Corporate Disclosure Statement by H.B. (Tonge, Jonathan) (Entered: 08/07/2023) |
| 08/07/2023 | 42 | NOTICE Of Filing by H.B. re 41 Notice of Filing *Amended Certificate of Interested Persons and Corporate Disclosure Statement* (Tonge, Jonathan) (Entered: 08/07/2023) |
| 08/14/2023 | 43 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Supplement Proposed Scheduling Order)(Birg, Erika) (Entered: 08/14/2023) |
| 08/15/2023 | 44 | SCHEDULING ORDER: re: 43 Joint Preliminary Report and Discovery Plan. Signed by Judge Leigh Martin May on 8/15/23. (jra) (Entered: 08/15/2023) |
| 09/26/2023 | 45 | MOTION for Judgment on the Pleadings by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Supplement Memorandum of Law in Support of Partial Motion for Judgment on the Pleadings of Liberty Mutual Fire Insurance Company)(Birg, Erika) (Entered: 09/26/2023) |
| 10/10/2023 | 46 | RESPONSE in Opposition re 45 MOTION for Judgment on the Pleadings filed by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 10/10/2023) |
| 10/12/2023 | 47 | RESPONSE in Opposition re 45 MOTION for Judgment on the Pleadings filed by H.B.. (Swift, Donald) (Entered: 10/12/2023) |
| 10/12/2023 | 48 | RESPONSE in Opposition re 45 MOTION for Judgment on the Pleadings filed by A.F., C.A., D.P., E.H., Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4, K.P., M.B., M.M., R.K., R.P., T.H., W.K.. (Swift, Donald) (Entered: 10/12/2023) |

| 10/20/2023 | 49 | Notice for Leave of Absence for the following date(s): November 17–24, 2023, December 21–31, 2023, January 14, 2024, April 28–30, 2024 and May 17, 2024 (Birg, Erika) Modified on 10/22/2023 – edit event, qc email sent (tht). (Entered: 10/20/2023) |
| --- | --- | --- |
| 10/24/2023 | 50 | REPLY BRIEF re 45 MOTION for Judgment on the Pleadings filed by Liberty Mutual Fire Insurance Company. (Birg, Erika) (Entered: 10/24/2023) |
| 10/25/2023 | 51 | NOTICE by Liberty Mutual Fire Insurance Company *Notice of Withdrawal of Leave of Absence [ECF 49]* (Birg, Erika) (Entered: 10/25/2023) |
| 10/27/2023 | 52 | MOTION for Leave to File a Surreply *to Plaintiff's Motion for Judgment on the Pleadings* by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Attachments: # 1 Proposed Surreply in Opposition)(Ely, Shattuck) (Entered: 10/27/2023) |
| 10/31/2023 | | Submission of 45 MOTION for Judgment on the Pleadings to District Judge Leigh Martin May. (bnp) (Entered: 10/31/2023) |
| 11/15/2023 | | Submission of 52 MOTION for Leave to File a Surreply *to Plaintiff's Motion for Judgment on the Pleadings* to District Judge Leigh Martin May. (bnp) (Entered: 11/15/2023) |
| 01/10/2024 | 53 | MOTION for Summary Judgment with Brief In Support by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Attachments: # 1 Brief, # 2 Statement of Material Facts, # 3 Declaration of Nicholas Kolitsos, # 4 Exhibit A to Kolitsos Decl. – 2011 GL Policy, # 5 Exhibit B to Kolitsos Decl. – 2012 GL Policy, # 6 Exhibit C to Kolitsos Decl. – 2013 GL Policy, # 7 Exhibit D to Kolitsos Decl. – 2014 GL Policy, # 8 Exhibit E to Kolitsos Decl. – 2015 GL Policy, # 9 Exhibit F to Kolitsos Decl. – 2016 GL Policy, # 10 Exhibit G to Kolitsos Decl. – 2017 GL Policy, # 11 Exhibit H to Kolitsos Decl. – 2018 GL Policy)(Ely, Shattuck) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 01/10/2024) |
| 01/10/2024 | 54 | MOTION for Summary Judgment by H.B.. (Swift, Donald) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 01/10/2024) |
| 01/10/2024 | 55 | MOTION for Summary Judgment by A.F., C.A., D.P., E.H., Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4, K.P., M.B., M.M., R.K., R.P., T.H., W.K.. (Swift, Donald) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 01/10/2024) |
| 01/23/2024 | 56 | Consent MOTION for Extension of Time to Oppose Defendants' Motion for Summary Judgment re: 54 MOTION for Summary Judgment , 55 MOTION for Summary Judgment , 53 MOTION for Summary Judgment by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order Proposed Order for Consent Motion for MSJ Opp Extension)(Birg, Erika) (Entered: 01/23/2024) |
| 01/23/2024 | 57 | ORDER granting 56 Motion for Extension of Time. Plaintiff shall have through and including February 21, 2024 to oppose Defendants' Motion for Summary Judgment. Signed by Judge Leigh Martin May on 01/23/2024. (tht) (Entered: 01/23/2024) |
| 02/12/2024 | 58 | MOTION for a Rule 16 Conference with Brief In Support by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Brief Brief in Support of Motion for Rule 16 |

| | | |
|---|---|---|
| | | Conference, # 2 Text of Proposed Order Proposed Order on Motion for Rule 16 Conference)(Birg, Erika) (Entered: 02/12/2024) |
| 02/13/2024 | 59 | ORDER: Motion for a Rule 16 Conference, Dkt. 58 , is DENIED without prejudice. Signed by Judge Leigh Martin May on 02/13/2024. (tht) (Entered: 02/13/2024) |
| 02/14/2024 | 60 | Consent MOTION for Extension of Time to Oppose Defendants' Motion for Summary Judgment re: 54 MOTION for Summary Judgment , 55 MOTION for Summary Judgment , 53 MOTION for Summary Judgment by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order Proposed Order on Second Consent Motion to Extend Time to Oppose Defendants' Motion for Summary Judgment)(Birg, Erika) (Entered: 02/14/2024) |
| 02/20/2024 | 61 | NOTICE of Appearance by Andrew Joseph Rosenzweig on behalf of Liberty Mutual Fire Insurance Company (Rosenzweig, Andrew) (Entered: 02/20/2024) |
| 02/20/2024 | 62 | MOTION to Stay *Deadline to Oppose Defendants' Motion for Summary Judgment* with Brief In Support by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Brief in Support of Motion, # 2 Text of Proposed Order)(Rosenzweig, Andrew) (Entered: 02/20/2024) |
| 02/20/2024 | 63 | ORDER granting 60 Motion for Extension of Time. Plaintiff shall have through and including March 6, 2024 to oppose Defendants' Motions for Summary Judgment. Signed by Judge Leigh Martin May on 02/20/2024. (tht) (Entered: 02/20/2024) |
| 03/04/2024 | 64 | RESPONSE in Opposition re 62 MOTION to Stay *Deadline to Oppose Defendants' Motion for Summary Judgment* filed by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 03/04/2024) |
| 03/04/2024 | 65 | ORDER: Plaintiff's Motion to Stay, Dkt. 62 , is DENIED. Signed by Judge Leigh Martin May on 03/04/2024. (tht) (Entered: 03/04/2024) |
| 03/05/2024 | 66 | Consent MOTION for Extension of Time to Oppose Defendants' Motion for Summary Judgment re: 53 MOTION for Summary Judgment by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order)(Birg, Erika) (Entered: 03/05/2024) |
| 03/06/2024 | 67 | ORDER granting 66 Motion for Extension of Time. Plaintiff shall have through and including March 20, 2024 to oppose Defendants' Motion for Summary Judgment. Signed by Judge Leigh Martin May on 03/06/2024. (tht) (Entered: 03/06/2024) |
| 03/20/2024 | 68 | RESPONSE in Opposition re 54 MOTION for Summary Judgment , 55 MOTION for Summary Judgment , 53 MOTION for Summary Judgment filed by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Brief LMFIC Response to RR SOF, # 2 Statement of Material Facts LMFIC Counterstatement, # 3 Affidavit Declaration of Alexandra Gallo–Cook, # 4 Exhibit 1 to Declaration of Alexandra Gallo–Cook, # 5 Affidavit Declaration of Alec Zadek, # 6 Exhibit 1 to Declaration of Alec Zadek, # 7 Exhibit 2 to Declaration of Alec Zadek, # 8 Exhibit 3 to Declaration of Alec Zadek, # 9 Exhibit 4 to Declaration of Alec Zadek, # 10 Exhibit 5 to Declaration of Alec Zadek, # 11 Exhibit 6 to Declaration of Alec Zadek, # 12 Exhibit 7 to Declaration of Alec Zadek, # 13 Exhibit 8 to Declaration of Alec Zadek, # 14 Exhibit 9 to Declaration of Alec Zadek, # 15 Exhibit 10 to Declaration of Alec Zadek, # 16 Exhibit 11 to Declaration of Alec Zadek, # 17 Exhibit 12 to Declaration of Alec Zadek, # 18 Exhibit 13 to Declaration of Alec Zadek, # 19 Exhibit 14 to Declaration of Alec Zadek, # 20 |

| | | |
|---|---|---|
| | | Exhibit 15 to Declaration of Alec Zadek, # 21 Exhibit 16 to Declaration of Alec Zadek, # 22 Exhibit 17 to Declaration of Alec Zadek, # 23 Exhibit 18 to Declaration of Alec Zadek, # 24 Exhibit 19 to Declaration of Alec Zadek, # 25 Exhibit 20 to Declaration of Alec Zadek, # 26 Exhibit 21 to Declaration of Alec Zadek)(Rosenzweig, Andrew) (Entered: 03/20/2024) |
| 03/20/2024 | 69 | MOTION for Leave to File Amended Complaint with Brief In Support by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Brief in Support of Motion for Leave to File Amended Complaint, # 2 Exhibit A to Brief in Support, # 3 Exhibit B to Brief in Support, # 4 Text of Proposed Order)(Rosenzweig, Andrew) (Entered: 03/20/2024) |
| 04/03/2024 | 70 | REPLY BRIEF re 53 MOTION for Summary Judgment filed by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Attachments: # 1 Response to Plaintiff's Counterstatement of Facts)(Ely, Shattuck) (Entered: 04/03/2024) |
| 04/03/2024 | 71 | RESPONSE in Opposition re 69 MOTION for Leave to File Amended Complaint filed by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 04/03/2024) |
| 04/04/2024 | | Submission of 55 MOTION for Summary Judgment , 53 MOTION for Summary Judgment , 54 MOTION for Summary Judgment , to District Judge Leigh Martin May. (bnp) (Entered: 04/04/2024) |
| 04/17/2024 | 72 | REPLY in Support re 69 MOTION for Leave to File Amended Complaint filed by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Affidavit Declaration of Alexandra Gallo–Cook in Support of Reply in Support of Motion for Leave to File Amended Complaint, # 2 Exhibit Exhibit 1 to Declaration of Alexandra Gallo–Cook, # 3 Exhibit Exhibit 2 to Declaration of Alexandra Gallo–Cook)(Rosenzweig, Andrew) (Entered: 04/17/2024) |
| 04/18/2024 | | Submission of 69 MOTION for Leave to File Amended Complaint to District Judge Leigh Martin May. (bnp) (Entered: 04/18/2024) |
| 08/22/2024 | 73 | ORDER: Plaintiff's Motion to Amend, Dkt. 69 , is GRANTED. Plaintiff's Motion for Judgment on the Pleadings 45 , Defendants' Motion for Leave to File a Surreply 52 , and Defendants' Motions for Summary Judgment 53 , 54 , 55 are DENIED without prejudice as moot. The Clerk is DIRECTED to enter Plaintiff's Proposed Amended Complaint [69–2] as the First Amended Complaint on the Docket. Signed by Judge Leigh Martin May on 08/22/2024. (tht) (Entered: 08/22/2024) |
| 08/22/2024 | 74 | First AMENDED COMPLAINT against All Defendants filed by Liberty Mutual Fire Insurance Company.(tht) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/22/2024) |
| 09/04/2024 | 75 | Consent MOTION to Amend *and File Second Amended Complaint* by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order on Motion to File Second Amended Complaint)(Rosenzweig, Andrew) (Entered: 09/04/2024) |
| 09/05/2024 | 76 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Attachments: # 1 Brief)(Ely, Shattuck) (Entered: 09/05/2024) |

| 09/05/2024 | 77 | MOTION for the Court to Take Judicial Notice by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 09/05/2024) |
|---|---|---|
| 09/06/2024 | 78 | ORDER granting 75 Consent Motion to File a Second Amended Complaint. Plaintiff shall have through and including September 20, 2024, 14 days from the date of this Order, to file its Second Amended Complaint. Signed by Judge Leigh Martin May on 09/06/2024. (tht) (Entered: 09/06/2024) |
| 09/20/2024 | 79 | Second AMENDED COMPLAINT *of Liberty Mutual Fire Insurance Company* against All Defendants filed by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Exhibit 1 – Underlying Jane Doe #1 Lawsuit Complaint, # 2 Exhibit 2 – Underlying Jane Doe #2 Lawsuit Complaint, # 3 Exhibit 3 – Underlying Jane Doe #3 Lawsuit Complaint, # 4 Exhibit 4 – 1 – Underlying Jane Doe #4 Lawsuit Complaint, # 5 Exhibit 5 – Underlying W.K. Lawsuit Complaint, # 6 Exhibit 6 – Underlying H.B. Lawsuit Complaint, # 7 Exhibit 7 – Underlying K.M. Lawsuit Complaint, # 8 Exhibit 8 – LMFIC Policies)(Rosenzweig, Andrew) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 09/20/2024) |
| 09/23/2024 | | Submission of 76 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 77 MOTION for the Court to Take Judicial Notice , to District Judge Leigh Martin May. (bnp) (Entered: 09/23/2024) |
| 09/24/2024 | 80 | Withdrawal of Motion 76 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc., FMW RRI NC, LLC, 77 MOTION for the Court to Take Judicial Notice filed by RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc., FMW RRI NC, LLC filed by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 09/24/2024) |
| 10/04/2024 | 81 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc., and H.B. (Attachments: # 1 Brief)(Ely, Shattuck) Modified on 10/22/2024 – added defendant H.B. per Order 85 (tht). (Entered: 10/04/2024) |
| 10/04/2024 | 82 | MOTION for Joinder by H.B.. (Swift, Donald) (Entered: 10/04/2024) |
| 10/14/2024 | 83 | Consent MOTION for Extension of Time re: 81 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Liberty Mutual Fire Insurance Company. (Attachments: # 1 Text of Proposed Order on Motion to Extend Time)(Rosenzweig, Andrew) (Entered: 10/14/2024) |
| 10/15/2024 | 84 | ORDER granting 83 Motion for Extension of Time. Plaintiff shall have through and including November 1, 2024 to oppose the pending Motion to Dismiss. Signed by Judge Leigh Martin May on 10/15/2024. (tht) (Entered: 10/15/2024) |
| 10/22/2024 | | Submission of 82 MOTION for Joinder to District Judge Leigh Martin May. (bnp) (Entered: 10/22/2024) |
| 10/22/2024 | 85 | ORDER: The motion for joinder, Dkt. No. 82 , is GRANTED, and the Court will consider the motion to dismiss, Dkt. No. 81 , as though H.B. had participated in filing the motion. The Clerk is DIRECTED to amend the docket text at Docket Entry 81 |

| | | |
|---|---|---|
| | | accordingly. Signed by Judge Leigh Martin May on 10/22/2024. (tht) (Entered: 10/22/2024) |
| 11/01/2024 | 86 | RESPONSE in Opposition re 81 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Liberty Mutual Fire Insurance Company. (Rosenzweig, Andrew) (Entered: 11/01/2024) |
| 11/15/2024 | 87 | REPLY BRIEF re 81 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by FMW RRI NC, LLC, RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc.. (Ely, Shattuck) (Entered: 11/15/2024) |
| 11/18/2024 | | Submission of 81 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to District Judge Leigh Martin May. (bnp) (Entered: 11/18/2024) |
| 02/06/2025 | 88 | CERTIFICATE OF SERVICE *Rule 5.4 Plaintiff Liberty Mutual Fire Insurance Co's 1st Set of Interrogatories and Request for Production of Documents to Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, RRI West Mgmt, LLC and FMW RRI NC, LLC* by Liberty Mutual Fire Insurance Company.(Rosenzweig, Andrew) (Entered: 02/06/2025) |
| 02/13/2025 | 89 | NOTICE by Liberty Mutual Fire Insurance Company *Withdrawal of Counsel* (Birg, Erika) (Entered: 02/13/2025) |
| 04/10/2025 | 90 | Joint MOTION for Protective Order *by Plaintiff and* by A.F., C.A., D.P., E.H., FMW RRI NC, LLC, H.B., Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4, K.M., K.P., M.B., M.M., R.K., R.P., RRI West Management, LLC, Red Roof Franchising, LLC, Red Roof Inns, Inc., T.H., W.K.. (Attachments: # 1 Text of Proposed Order)(Ely, Shattuck) (Entered: 04/10/2025) |
| 04/10/2025 | 91 | STIPULATED PROTECTIVE ORDER GRANTING 90 Motion for Protective Order. Signed by Judge Leigh Martin May on 4/10/2025. (cpp) (Entered: 04/10/2025) |
| 04/14/2025 | 92 | Notice for Leave of Absence for the following date(s): 05/15/25 to 05/20/25, 05/22/25 to 05/24/25, 06/24/25 to 06/27/25, 07/29/25, 09/18/25 to 09/19/25, by Jonathan Spratling. (Spratling, Jonathan) (Entered: 04/14/2025) |
| 08/15/2025 | 93 | ORDER granting 81 Motion to Dismiss for Failure to State a Claim. Plaintiffs Second Amended Complaint 79 is dismissed without prejudice. The Clerk is directed to close this case. Signed by Judge Leigh Martin May on 8/15/2025. (dmb) (Entered: 08/15/2025) |
| 08/15/2025 | 94 | CLERK'S JUDGMENT (dmb)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 08/15/2025) |
| 08/15/2025 | | Civil Case Terminated. (dmb) (Entered: 08/15/2025) |
| 09/12/2025 | 95 | NOTICE OF APPEAL as to 94 Clerk's Judgment by Liberty Mutual Fire Insurance Company. Case Appealed to USCA − 11th Circuit. Filing fee $ 605, receipt number AGANDC−14620438. Transcript Order Form due on 9/26/2025 (Rosenzweig, Andrew) (Entered: 09/12/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LIBERTY MUTUAL FIRE          :
INSURANCE COMPANY,           :
                             :
                             :
        Plaintiff,           :
                             :
v.                           :        CIVIL ACTION NO.
                             :        1:23-cv-02047-LMM
RED ROOF INNS, INC. *et al.*,  :
                             :
                             :
        Defendants.          :

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [81].

After due consideration, the Court enters the following Order.

## I.    BACKGROUND

This case concerns Plaintiff's obligations as the Red Roof Defendants'[1]

insurer. The nominal Defendants, seventeen individuals, sued the Red Roof

Defendants in seven underlying lawsuits, alleging that the Red Roof Defendants

violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18

U.S.C. § 1595(a). See e.g., Dkt. No. [79-1]. Specifically, the nominal Defendants

---

[1] Defendants Red Roof Inns, Inc.; Red Roof Franchising, LLC; RRI West
Management, LLC; and FMW RRI NC, LLC are related entities that have filed
this Motion to Dismiss [81]. Additionally, Defendant H.B. joined in the filing of
this Motion. For simplicity, the Court's Order will refer to the moving parties
together as "the Red Roof Defendants" unless specifically referring to Defendant
H.B.

alleged that the Red Roof Defendants profited from sex trafficking at Red Roof hotels and knew or should have known about the trafficking. Id. ¶¶ 312–30. In the current case, Plaintiff filed its original Complaint, seeking a declaratory judgment that it has no duty to defend or indemnify the Red Roof Defendants in the underlying lawsuits. Dkt. No. [1] ¶ 4.

Since this case was originally filed, five of the underlying lawsuits have settled, and another was dismissed, which leaves only Defendant H.B.'s underlying claim remaining against the Red Roof Defendants. Dkt. No. [69-1] at 5–6; Dkt. No. [75] at 2. Because of these developments, Plaintiff filed amended complaints to add claims for reimbursement of its defense costs and settlement payments for the underlying lawsuits that were resolved. Dkt. Nos. [74, 79]. The Red Roof Defendants and Defendant H.B. now move to dismiss Plaintiff's Second Amended Complaint [79], contending that the parties' insurance policy provides coverage for the underlying lawsuits and that the claims for reimbursement are subject to dismissal. See Dkt. No. [81].

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will

not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." <u>FindWhat Inv'r Grp. v. FindWhat.com</u>, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. <u>Iqbal</u>, 556 U.S. at 678.

## III.   DISCUSSION

In its Second Amended Complaint, Plaintiff seeks a declaration that it has no duty to defend or indemnify the Red Roof Defendants in the underlying lawsuits. <u>See</u> Dkt. No. [79]. Additionally, Plaintiff seeks reimbursement of the defense and settlement costs for the resolved suits. <u>Id.</u> The Red Roof Defendants move to dismiss Plaintiff's Second Amended Complaint, arguing that:

(A) Plaintiff's declaratory relief claims regarding the resolved lawsuits are now moot; (B) Plaintiff's duty-to-indemnify claim for Defendant H.B.'s suit is not yet

3

ripe; (C) the parties' insurance policy requires Plaintiff to defend the Red Roof Defendants in Defendant H.B.'s underlying lawsuit; and (D) Plaintiff has no right to reimbursement under Georgia law. See Dkt. No. [81-1]. Plaintiff opposes each of these arguments, Dkt. No. [86], and the Court addresses the parties' arguments below.[2]

### A. Resolved Underlying Lawsuits

Counts I through VII of Plaintiff's Second Amended Complaint seek a declaration that Plaintiff does not have a duty to defend or indemnify the Red Roof Defendants in the underlying lawsuits. Dkt. No. [79] ¶¶ 157–252. As stated, six of the seven suits have been resolved and are no longer pending. Dkt. No. [75] at 2; Dkt. No. [69-1] at 2. Because they are no longer pending, the Red Roof Defendants argue that Plaintiff's declaratory relief claims regarding these suits are now moot. Dkt. No. [81-1] at 8–9. Plaintiff disagrees, contending that there is a live dispute regarding Plaintiff's ability to seek reimbursement for its defense expenses and settlement contributions. Dkt. No. [86] at 26–27. The Court agrees with the Red Roof Defendants and finds that these claims are subject to dismissal.

---

[2] Plaintiff first argues that Georgia's choice-of-law rules require the application of Ohio law to interpret the insurance policies. Dkt. No. [86] at 12–15. The Court previously rejected this argument and held that Georgia law applies. See Dkt. No. [73] at 3–7. Plaintiff attempts to renew its argument in this motion, but the Court declines to consider it, because Plaintiff's argument only seeks "to present the court with arguments already heard and dismissed . . . to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Thus, the Court will apply Georgia law when interpreting the policies.

"The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" <u>Malowney v. Fed. Collection Deposit Grp.</u>, 193 F.3d 1342, 1346 (11th Cir. 1999). Consistently, "the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" <u>Id.</u> at 1347 (citing <u>Emory v. Peeler</u>, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." <u>Malowney</u>, 193 F.3d at 1346 (citing <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983)). Thus, for the Court to have jurisdiction to issue a declaratory judgment in this case, Plaintiff must assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future.

The Court finds that Plaintiff's claims for declaratory relief in Counts I through V and VII are now moot. In <u>Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP</u>, 609 F. App'x 972, 979 (11th Cir. 2015), the Eleventh Circuit held that an insurer's "declaratory judgment claim plainly became moot as soon as [the insurer] paid the $10 million settlement." Specifically, the court found that any "declaration could not have had any bearing on the parties' future conduct" and thus, there was no live controversy for the court decide. <u>Id.</u> The same is true here. Plaintiff seeks a declaration that it is entitled to recoup the settlement that

5

was already paid. See e.g., Dkt. No. [79] ¶ 182. This does not involve adjudication of the parties' future conduct and thus renders these specific declaratory judgment claims moot. See Encompass Home & Auto Ins. Co. v. Luke, No. 4:21-CV-181, 2023 WL 3105090, at *4 (S.D. Ga. Apr. 26, 2023) ("The Eleventh Circuit has recognized that the settlement of a claim moots an earlier declaratory judgment action brought by an insurer to clarify its duties with respect to that claim."); Travelers Prop. Cas. Co. of Am. v. TT Club Mut. Ins. Ltd., No. 4:19-cv-231, 2022 WL 988001, at *5 (S.D. Ga. Mar. 31, 2022) (holding that the "[insurer's] claim was rendered moot as soon as it made payments towards the Settlement"). Thus, the Court agrees with the Red Roof Defendants that Plaintiff's claims regarding the settled suits—Counts I through V and VII—are moot and subject to dismissal.[3] The Court also holds that dismissal is appropriate for Plaintiff's general declaratory judgment claims—Counts VIII and IX—to the extent they seek declaratory relief regarding the underlying suits for Jane Does 1–4, W.K., and K.M.

**B. Duty to Indemnify**

Next, the Red Roof Defendants argue that Plaintiff's duty-to-indemnify claim for Defendant H.B.'s suit is not yet ripe, because the underlying lawsuit is still ongoing. Dkt. No. [81-1] at 9–10. Specifically, the Red Roof Defendants contend that, without a judgment or settlement in the underlying action, there is

---

[3] The holding in this section is inapplicable to Count VI, because Defendant H.B.'s underlying claims have not yet been resolved.

no liability for Plaintiff to indemnify. Id. Plaintiff responds by arguing that, because the duty-to-defend claim is ripe, then the duty to indemnify is also ripe. Dkt. No. [86] at 21–22 n.11.

The Court agrees with the Red Rood Defendants. "Disputes related to an insurer's duty to indemnify are typically not ripe until liability is established in the underlying action." Am. Fam. Ins. Co. v. Almassud, 413 F. Supp. 3d 1292, 1300 (N.D. Ga. 2019) (citing J.B.D. Constr., Inc. v. Mid-Continent Cas. Co., 571 F. App'x 918, 927 (11th Cir. 2014)); see also Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x 768, 770 (11th Cir. 2019) (holding that the "duty to indemnify . . . is not ripe for adjudication until the underlying lawsuit is resolved"). Unless and until a judgment or settlement is entered, the Court has no jurisdiction over Plaintiff's declaratory judgment claim insofar as it relates to the duty to indemnify. See Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x at 770; Almassud, 413 F. Supp. 3d at 1301 ("Ripeness, as an Article III doctrine, ultimately 'goes to whether [a] district court had subject matter jurisdiction to hear the case.'" (quoting Dig. Props., Inc. v. City of Plantation, 121 F.3d 586, 591 (11th Cir. 1997))).

Despite Plaintiff's contention, "the duty to defend an insured is a separate and independent from the obligation to indemnify." Elan Pharm. Rsch. Corp. v. Emps. Ins. of Wausau, 144 F.3d 1372, 1375 (11th Cir. 1998) (citing Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997)). Additionally, Eleventh Circuit precedent demonstrates that, unlike the duty to indemnify,

7

"[d]uty to defend claims . . . are ripe prior to the adjudication of the underlying suit." <u>Nautilus Ins. Co. v. Captain Pip's Holdings, LLC</u>, No. 24-12440, 2025 WL 2111805, at *2 (11th Cir. July 29, 2025) (citing <u>James River Ins. v. Rich Bon Corp.</u>, 34 F.4th 1054, 1058 (11th Cir. 2022)). Therefore, the Court agrees with the Red Roof Defendants that, because Defendant H.B.'s underlying suit is still pending, Plaintiff's duty-to-indemnify claim is not yet ripe, and Counts VI, VIII, and IX are subject to dismissal to the extent they seek relief regarding Defendant H.B.'s underlying claims.

### C. Duty to Defend

Third, Plaintiff's Second Amended Complaint alleges that the parties' insurance policy does not afford coverage for Defendant H.B.'s lawsuit, and thus, Plaintiff has no duty to defend the Red Roof Defendants. Dkt. No. [79] ¶¶ 227–39. Specifically, Plaintiff contends that Defendant H.B.'s underlying complaint did not allege (1) a bodily injury caused by an occurrence or (2) an offense resulting in a "personal and advertising injury." <u>Id.</u> ¶¶ 230–35. Additionally, Plaintiff claims that public policy bars insurance coverage for the Red Roof Defendants' alleged violations of the TVPRA. <u>Id.</u> ¶¶ 253–65. The Red Roof Defendants disagree and contend that Defendant H.B.'s claims are at least potentially covered under the policies, and thus, Plaintiff is required to defend them in the underlying lawsuit. Dkt. No. [81-1] at 10-21. The Court agrees with the Red Roof Defendants.

To determine whether Plaintiff has a duty to defend, the Court must "compare the allegations of the complaint, as well as the facts supporting those allegations, against the provisions of the insurance contract." Elan Pharm. Rsch. Corp., 144 F.3d at 1375 (citing Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 40–41 (Ga. 1979)). "[T]he duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." Great Am. Ins. Co., 259 S.E.2d at 40–41. "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." City of Atlanta v. St. Paul Fire & Marine Ins. Co., 498 S.E.2d 782, 784 (Ga. Ct. App. 1998) (citations omitted). Lastly, "where an insurer has a duty to defend a single claim the complaint presents, it has a duty to defend all the claims asserted." HDI-Gerling Am. Ins. v. Morrison Homes, Inc., 701 F.3d 662, 666 (11th Cir. 2022) (applying Georgia law).

An insurance policy "should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." State Farm Mut. Auto. Ins. Co. v. Staton, 685 S.E.2d 263, 265 (Ga. 2009) (quoting Cont'l Ins. Co. v. Am. Motorist Ins. Co., 542 S.E.2d 607, 610 (Ga. Ct. App. 2000)). "No construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation." Citicorp Indus. Credit, Inc. v. Rountree, 364 S.E.2d 65, 68–69

9

(Ga. Ct. App. 1987) (quoting <u>R.S. Helms, Inc. v. GST Dev. Co.</u>, 219 S.E.2d 458, 460 (Ga. Ct. App. 1975)). Such "unambiguous terms are taken in their plain, ordinary and popular sense as supplied by dictionaries." <u>Rec. Town, Inc. v. Sugarloaf Mills Ltd. P'ship of Ga.</u>, 687 S.E.2d 640, 643 (Ga. Ct. App. 2009). Lastly, "[e]xceptions and exclusions to coverage must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage." <u>Meyers</u>, 548 S.E.2d at 69.

The Red Roof Defendants' Motion makes the following arguments in support of coverage for Defendant H.B.'s underlying suit: (1) Coverage A's bodily injury provision is applicable to Defendant H.B.'s lawsuit, (2) because Defendant H.B.'s suit alleges a "personal and advertising injury," Coverage B is also applicable, and (3) public policy does not bar insurance coverage. Dkt. No. [81-1] at 10–21. The Court agrees with the Red Roof Defendants and finds that (1) Coverage A is applicable and (2) public policy does not bar coverage of the underlying lawsuits.

### 1. Coverage A

The Red Roof Defendants first argue that, because Defendant H.B.'s suit alleges physical injuries from the alleged trafficking, then Coverage A of the insurance policy requires Plaintiff to provide insurance coverage. Dkt. No. [81-1] at 17–19. In response, Plaintiff first contends that Coverage A applies to "bodily injury" caused by an "occurrence" which does not include injuries from intentional acts. Dkt. No. [86] at 16–20. Based on the allegations of Defendant

H.B.'s complaint and the TVPRA civil cause of action, Plaintiff argues that the Red Roof Defendants' conduct was intentional rather than accidental, and thus, not covered by the policy. Id. In the alternative, Plaintiff contends that the "Expected or Intended Exclusion" applies. Id. at 20–22.

In the "Coverage A" section of the parties' policy, Plaintiff agreed to pay the sums that the Red Roof Defendants became "legally obligated to pay as damages because of 'bodily injury'" and the parties agreed that insurance coverage applied to "bodily injury" only if "caused by an 'occurrence.'" Dkt. No. [79] ¶ 114 (quoting Dkt. No. [79-8] at 3). The policy further defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Dkt. No. [79] ¶ 117 (quoting Dkt. No. [79-8] at 5). Applying this definition, Plaintiff alleges that the Red Roof Defendants violated the TVPRA by engaging in a common undertaking with the sex traffickers, and thus, Defendant H.B.'s injuries were not "caused by an occurrence." Dkt. No. [86] at 16–20. In response, the Red Roof Defendants contend that whether an event is an accident is determined from the viewpoint of the Red Roof Defendants and because their conduct was not "designed to injure H.B.," then Defendant H.B.'s bodily injuries were caused by an occurrence. Dkt. No. [81-1] at 17–18.

The Court agrees with the Red Roof Defendants. The term "accident" in this contract is not defined. "Accordingly, we look to the commonly accepted meaning of the term." Am. Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co., Inc., 707 S.E.2d 369, 371 (Ga. 2011) (citing Pomerance v. Berkshire Life Ins. Co.

of Am., 654 S.E.2d 638, 641 (Ga. Ct. App. 2007)). Under Georgia law, "when used in an insurance policy, an 'accident' is deemed to be 'an event happening without any human agency, or, if happening through such agency, an event which, under circumstances is unusual and not expected by the person to whom it happens . . . ." Am. Empire Surplus Lines Ins. Co., 7070 S.E.2d at 371 (citing Black's Law Dictionary, 15 (6th ed. 1990)); see St. Paul Fire & Marine Ins. Co., 498 S.E.2d at 784 ("An accident is an unexpected happening rather than one occurring through intention or design."). Plaintiff points to Defendant H.B.'s underlying complaint where she alleged that the Red Roof Defendants knowingly benefited from the sex trafficking venture by receiving a percentage of the revenue generated, warned sex traffickers of law enforcement presence, and provided the traffickers the necessary venue. Dkt. No. [86] at 19 (citing Dkt. No. [79] ¶¶ 19, 34–35). Mainly, because Defendant H.B.'s complaint includes allegations of active participation in the sex trafficking scheme, Plaintiff argues that the Red Roof Defendants' conduct is fundamentally incompatible with an "occurrence" or "accident." Dkt. No. [86] at 16–20.

The Court disagrees. In addition to the allegations of intentional participation, Defendant H.B. also alleged that the Red Roof Defendants had constructive knowledge of the sex trafficking and that they "should have known" of other crimes and happenings on the premises. Dkt. No. [79-6] ¶¶ 45, 64–65. For example, in the TVPRA claim, Defendant H.B. alleged that the Red Roof Defendants "should have known the venture violated" the statute since they "had

12

the opportunity to observe" H.B. Id. ¶ 64. The Court finds that the constructive

knowledge language sounds in negligence and implies that the Red Roof

Defendants did not have the requisite intent to cause Defendant H.B.'s alleged

bodily injuries. Even though Defendant H.B. alleges intentional acts, the duty to

defend is broad and Georgia courts have reasoned that "[i]f the facts as alleged in

the complaint even arguably bring the occurrence within the policy's coverage,

the insurer has a duty to defend the action." BBL-McCarthy, LLC v. Baldwin

Paving Co., 646 S.E.2d 682, 685 (Ga. Ct. App. 2007) (quoting St. Paul Fire &

Marine Ins. Co., 498 S.E.2d at 784). As stated, an accident has been defined as

"an unexpected happening rather than one occurring through intention or

design." St. Paul Fire & Marine Ins. Co., 498 S.E.2d at 784. Because the Red Roof

Defendants were alleged to be negligent in regard to the TVPRA violations, the

Court finds that Defendant H.B.'s complaint is arguably covered by the "bodily

injury from an occurrence" provision of Coverage A.

In the alternative, even if Defendant H.B.'s suit falls within Coverage A,

Plaintiff contends that it still does not have a duty to defend because the

"Expected or Intended Injury Exclusion" applies. Dkt. No. [79] ¶ 231. This

provision bars coverage for "'bodily injury' or 'property damage' expected or

intended from the standpoint of the insured." Dkt. No. [79-8] at 6. Based on the

face of Defendant H.B.'s underlying complaint, Plaintiff argues that this exclusion

applies to bar coverage of the TVPRA claims. Dkt. No. [86] at 20–22. In

response, the Red Roof Defendants argue that, because Defendant H.B. did not

13

allege that they subjectively intended or expected to cause bodily injury, then the policy exclusion does not bar coverage. Dkt. No. [81-1] at 18–19. The Court agrees with the Red Roof Defendants.

Keeping in mind the principles regarding the broadness of the duty to defend, the Court must determine whether the "Expected or Intended Injury Exclusion" unambiguously applies to exclude coverage of Defendant H.B.'s claims. As stated, "[e]xceptions and exclusions to coverage must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage." Meyers, 548 S.E.2d at 69. More specifically, when examining the same "expected or intended" policy language, Georgia courts have found that the exclusion is not applicable "if the insured acts without the intent or expectation of causing any injury, however slight." Colonial Penn. Ins. Co. v. hart, 291 S.E.2d 410, 413 (Ga. Ct. App. 1982). Thus, similar to the analysis for whether Defendant H.B.'s bodily injuries stemmed from an occurrence, the Court finds that some of Defendant H.B.'s allegations, such as those including the "should have known" language, do not allege that the Red Roof Defendants acted with the intent or expectation of causing bodily injury. See James River Ins. Co. v. Dalton-Whitfield Reg'l Solid Waste Mgmt. Auth., No. 4:22-cv-41-AT, 2022 WL 18777374, at *4–5 (N.D. Ga. Nov. 7, 2022) (holding that the "expected or intended" exclusion did not apply where the underlying complaint alleged that the insured "'should have known' that its actions would cause downstream harm"). Therefore, because some of Defendant H.B.'s allegations do not fall within the

exclusion, the Court finds that the "Expected or Intended Injury Exclusion" does not unambiguously apply to preclude coverage under the policy.

In conclusion, because (1) Coverage A of the policy arguably brings Defendant H.B.'s claim within coverage of the policy and (2) the "Expected and Intended Injury Exclusion" is not applicable, Georgia law requires a finding that Plaintiff has a duty to defend the Red Roof Defendants in Defendant H.B.'s underlying lawsuit.

### 2. Public Policy

Plaintiff's Second Amended Complaint alleges that public policy precludes insurance coverage for the Red Roof Defendants' conduct in the sex trafficking scheme. Dkt. No. [79] ¶¶ 253–65. Specifically, Plaintiff points to Georgia law which states that it contravenes public policy "to insure against injuries intentionally inflicted." Dkt. No. [86] at 25–26. Thus, because the Red Roof Defendants took part in the sex trafficking scheme where the injuries are often intentionally inflicted, Plaintiff argues that it would go against public policy to provide insurance coverage. Id. In response, the Red Roof Defendants argue that a violation of the TVPRA does not require injurious intent, and thus, public policy does not bar coverage in this case. Dkt. No. [81-1] at 12–16; Dkt. No. [87] at 9–10. The Court agrees with the Red Roof Defendants.

The Court finds that Georgia's public policy exclusion focuses on whether the injuries were intentionally inflicted, not simply whether the conduct was intentional. In Travelers Indem. Co. v. Hood, 140 S.E.2d 68, 70 (Ga. Ct. App.

1964), the Georgia Court of Appeals reasoned that there is a critical distinction between an "*intentional act* and *intentional injury*" with regard to the public policy exclusion. Although the insured in <u>Hood</u> intentionally raced automobiles on a public highway, the court held that it would not contravene public policy to provide coverage, because the injuries arose from "willful and wanton misconduct," rather an intention to injure. <u>Id.</u> Similarly, in this case, Defendant H.B. alleged that the Red Roof Defendants took part in a common undertaking and participated in the venture by associating with the sex traffickers. Dkt. No. [79-6] ¶¶ 59–69. Defendant H.B. did not allege that they intended to injure the victims. Additionally, the TVPRA civil cause of action, which Defendant H.B. sues under, does not have a scienter requirement or require a showing that the defendant had injurious intent. <u>See</u> <u>Jane Doe 1 v. Red Roof Inns, Inc.</u>, 21 F.4th 714, 724 (11th Cir. 2021) (noting that "a scienter requirement does not appear in Section 1595(a)"). Thus, like the drivers' conduct in <u>Hood</u> that did not have injurious intent, the Red Roof Defendants participated in the scheme but were not alleged to have the intent to injure the underlying plaintiffs. Therefore, the Court disagrees with Plaintiff and holds that public policy does not bar insurance coverage in this case.

### D. Right of Reimbursement

Lastly, the Red Roof Defendants argue that Counts X through XVII should be dismissed because Plaintiff has no right to reimbursement of defense costs and settlement payments. Dkt. No. [81-1] at 22–27. Plaintiff disagrees, arguing

that Georgia law and Eleventh Circuit precedent demonstrate the contrary. Dkt. No. [87] at 28–30. The Court agrees with the Red Roof Defendants.

After learning of the underlying lawsuits, Plaintiff notified the Red Roof Defendants that it would provide insurance coverage subject to a reservation of rights. Dkt. No. [79] ¶¶ 132–140. Specifically, Plaintiff reserved its rights to seek reimbursement of defense and settlement costs paid in the underlying lawsuits in whole or in part. Id. ¶ 140. Relying on this reservation, Plaintiff's Second Amended Complaint brings several claims seeking reimbursement of defense costs and settlement payments. Dkt. No. [79] ¶¶ 279–316. Regarding the reimbursement of defense costs, the Red Roof Defendants argue that Georgia law does not recognize a claim for reimbursement unless a policy provision grants such right. Dkt. No. [81-1] at 22–23. Mainly, the Red Roof Defendants rely on Cont'l Cas. Co. v. Winder Lab'ys, LLC, 73 F.4th 934, 950 (11th Cir. 2023) where the Eleventh Circuit held that Georgia's substantive law "would not allow an insurer to recoup its expenses based on a reservation of rights letter without any contractual provision allowing for reimbursement." Here, because Plaintiff does not point to a policy provision allowing for reimbursement and instead only relies on the reservation of rights letter, the Red Roof Defendants argue that there is no right to reimbursement of defense costs. Plaintiff does not respond to this binding Eleventh Circuit precedent and its application to this case, so the Court agrees with the Red Roof Defendants and holds that Plaintiff may not be reimbursed for its defense costs.

17

Turning to settlement payments, the Red Roof Defendants argue that Winder Lab'ys, LLC is also controlling. Dkt. No. [81-1] at 23–27; Dkt. No. [87] at 11–14. Plaintiff disagrees, arguing that the Eleventh Circuit in Winder Lab'ys, LLC did not specifically address settlement costs and that the Eleventh Circuit's reasoning actually supports a holding that settlement costs can be reimbursed. Dkt. No. [86] at 28–30. In response, the Red Roof Defendants note that the court in that opinion did not differentiate between defense and settlement costs, and thus, the holding applies to both. Dkt. No. [87] at 11–14.

The Court disagrees with Plaintiff and finds that the holding of Winder Lab'ys LLC also applies to settlement payments as well. The Eleventh Circuit court stated that "[w]hile insurers can certainly contract for a right to reimbursement, they cannot do so in a subsequent reservation of rights after a reimbursement-less bargain has been struck." Winder Lab'ys, LLC, 73 F.4th at 950. Thus, the Court finds that the Eleventh Circuit was focused on the means by which an insurer reserved its rights to reimbursement, rather than the specific kinds of costs that can be reimbursed. Because the Eleventh Circuit does not differentiate between defense costs and settlement payments, the Court disagrees with Plaintiff and finds that the Eleventh Circuit's interpretation of Georgia's substantive law does not allow for the reimbursement of settlement payments. Therefore, Plaintiff's claims seeking reimbursement—Counts X through XVII— are subject to dismissal.

18

## IV.    CONCLUSION

In accordance with the foregoing, the Red Roof Defendants and Defendant H.B.'s Motion to Dismiss [81] is **GRANTED**, and Plaintiff's Second Amended Complaint [79] is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 15th day of August, 2025.

_____
**Leigh Martin May**
**United States District Judge**

19

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Plaintiff,

vs.

RED ROOF INNS, INC., ET AL,

                Defendants.

CIVIL ACTION FILE

NO. 1:23-cv-2047-LMM

## J U D G M E N T

      This action having come before the court, Honorable Leigh Martin May, United

States District Judge, for consideration of the defendants' motion to dismiss, and the

court having granted said motion, it is

      **Ordered and Adjudged** that the action be, and the same hereby is, dismissed.

      Dated at Atlanta, Georgia, this 15th day of August, 2025.

                            KEVIN P. WEIMER
                            CLERK OF COURT

                By:  s /D. Barfield _____
                      Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
August 15, 2025
Kevin P. Weimer
Clerk of Court

By: s/ D. Barfield _____
      Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; RRI WEST MANAGEMENT, LLC; FMW RRI NC, LLC, <br><br> *Defendants*, <br><br> JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., T.H., H.B., AND K.M., <br><br> *Nominal Defendants*. | Civil Action No.:  1:23-cv-02047-LMM |

## LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
## <u>NOTICE OF APPEAL</u>

Plaintiff Liberty Mutual Fire Insurance Company, by counsel, appeals to the United States Court of Appeals for the Eleventh Circuit from the final judgment entered in this action on August 15, 2025 (ECF No. 94).

September 12, 2025.

/s/ Andrew Rosenzweig
Andrew Rosenzweig
Georgia Bar No. 372812
BENDIN SUMRALL & LADNER, LLC
One Midtown Plaza
1360 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
Phone: (404) 671-3100
Fax: (404) 671-3080
arosenzweig@bsllaw.net

*Counsel for Plaintiff Liberty Mutual Fire
Insurance Company*

*Of Counsel:*

Nancy D. Adams (*pro hac vice*)
NDAdams@mintz.com
Alec J. Zadek (*pro hac vice*)
AZadek@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000

Alexandra Gallo-Cook (*pro hac vice*)
lgallocook@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
Tel: (212) 935-3000

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in the CM/ECF system.

September 12, 2025

*/s/ Andrew Rosenzweig*
Andrew Rosenzweig
Georgia Bar No. 372812
BENDIN SUMRALL & LADNER, LLC
One Midtown Plaza
1360 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
Phone: (404) 671-3100
Fax: (404) 671-3080
arosenzweig@bsllaw.net

*Counsel for Plaintiff Liberty*
*Mutual Fire Insurance Company*